GEORGE WARD v. THE STATE.

No. 4566.    Decided June 29, 1917.

**Carrying Pistol—Pardon—Witness—Impeachment.**

Where the State's witness had been convicted of a felony and had been out of the penitentiary twenty-seven years before he was offered as a witness for the State, and had been pardoned before that time, and then defendant attempted to impeach said witness by offering in evidence said judgment of conviction, there was no error in the court's ruling in not permitting him to do so, as said conviction was too remote.

Appeal from the County Court of Austin. Tried below before the Hon. G. S. Cumings.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of one hundred dollars.

The opinion states the case.

*C. Douglas Duncan,* for appellant.—State v. Dudley, 5 S. W. Rep., 649; Bennett v. State, 5 S. W. Rep., 527.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Branch's Crim. Law, secs. 170 and 179.

DAVIDSON, PRESIDING JUDGE.—This conviction was for violating the pistol law. There is but one question in the case. The witness Brown makes out the State's case by showing that appellant had the pistol under circumstances under which he was not justified. It developed on the trial that Brown had been convicted in 1887 of assault with intent to murder and served three years in the penitentiary, under the said conviction. One or more attempts had been made to induce the Governor of the State some years ago to grant him a pardon. These were not successful. In the early part of the current year application was made by the county attorney for a pardon for Brown that he might be a witness supposedly in this case. The pardon was granted. All this is made to appear, and appellant seems to have interposed this conviction as a disqualification of Brown. This contention was met with the pardon, and he then offered to prove the conviction as a matter of impeachment. The ruling of the court with reference to this whole proposition is presented for revision. We are of opinion the court did not err in rejecting the testimony as a matter of impeachment. He had been out of the penitentiary since the year 1890, practically twenty-seven years before the pardon was granted. A conviction for felony may be interposed either as a disqualification where there is no pardon, or in case of pardon as a matter of impeachment, but where long time has elapsed as in this case such conviction can not be used for the purpose of impeachment. The conviction was too remote. This has been the subject of a great many decisions. Had the conviction been of recent years and within the rules laid down and followed by this court, it would have been error to reject the testimony for impeachment, but where such length of time has elapsed as here shown such testimony is not admissible. It is unnecessary to cite the cases. The matter of impeachment does not relate to the time of the pardon; it relates to the time of conviction.

Finding no error in the record the judgment is ordered to be affirmed.

*Affirmed.*